### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD DIVISION

| | |
|---|---|
| **BRUCE E. BALLARD,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.: 1:08-01378** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND JUDGMENT ORDER

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's Application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 - 433. The parties have consented to jurisdiction before the undersigned United States Magistrate Judge. (Document Nos. 6 and 7.)

On February 5, 2009, counsel for the Commissioner filed a Motion to Dismiss (Document No. 8.) for lack of subject matter jurisdiction because the Commissioner has not held an administrative hearing in Plaintiff's case. On February 6, 2009, counsel for Plaintiff filed a Request to Withdraw (Document No. 10.), in which he asserts that "[c]ounsel is in agreement with the [C]ommissioner's motion to dismiss dated February 5, 2009." The Court construes Plaintiff's Motion as one for Voluntary Dismissal pursuant to Rule 41(a)(2) of the Federal rules of Civil Procedure.

As Defendant already has filed an Answer, this action can be dismissed voluntarily only by Order of the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] The purpose of this

---

[1] Rule 41(a)(2) provides:

By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of N. Am., 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Regarding these four factors, the undersigned finds that this case has not proceeded beyond the Defendant's filing of a Motion to Dismiss. (Document No. 8.) Although Defendant has expended some time in preparing the Motion, he has not filed an Answer or produced the Transcript of the administrative record, and has not incurred any considerable expense in preparing his brief in support of judgment on the pleadings. Concerning the third factor, Plaintiff's counsel explains that he "is in agreement with the commissioner's motion to dismiss." Any prejudice to the Defendant therefore, has been slight, and dismissal of this case will bring an end to it.

Accordingly, for the reasons stated herein, it is hereby **ORDERED** that Plaintiff's Request to Withdraw/Motion for Voluntary Dismissal (Document No. 10.) is **GRANTED** and this action is deemed **voluntarily DISMISSED** without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). The Clerk is directed to remove this action from the docket of the Court.

The Clerk is directed to file this Memorandum Opinion and Judgment Order and send a certified copy of the same to counsel of record.

ENTER: April 3, 2009.

R. Clarke VanDervort
United States Magistrate Judge